# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| In re: STEVEN WAYNE MARSHALL, | ) | Case No. 08-62209-LYN |
| Debtor. | ) | |
| STEVEN WAYNE MARSHALL, | ) | Adv. No. 08-06121 |
| Plaintiff, | ) | |
| v. | ) | |
| ACCELERATED RECOVERY SYSTEMS, INC., | ) | |
| Defendant, | ) | |

## MEMORANDUM

This memorandum issues pursuant to an order of remand from the United States District Court after appeal of a judgment of this Court. The original judgment of this Court followed a trial on a complaint filed by Steven Wayne Marshall ("the Plaintiff") against Accelerated Recovery Systems, Inc., ("the Defendant") seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On September 22, 2008, the Plaintiff filed a chapter 7 petition initiating the above-styled case. The debtor scheduled a debt owed to Scottsville IGA in the total amount of $410.23. The debt arises from the return of three checks that were drafted by the Debtor and returned to Scottsville IGA for non-sufficient funds when presented for payment.

Pre-petition, the Plaintiff received a notice ("the Notice") from the Defendant seeking to collect the debt. The Notice stated that the Defendant would assume that the debt was valid unless the Plaintiff disputed the validity of the debt within 30 days from the date of the Notice.

The Notice also contained a handwritten statement "you promised to pay this on 9/6/08 - if we file warrants, it will be a felony". A judgment issued from this Court in favor of the Defendant. The Plaintiff appealed. The United States District Court remanded instructing this Court for statutory awards of up to $1,000, for costs and reasonable attorney's fees, and for consideration of an award of actual damages.

*Discussion.*

In his complaint, the Plaintiff asked generally for actual damages. At the hearing, the Plaintiff asked for an award of $2,500.00 but did not specify whether this amount included actual damages, statutory damages or damages arising from attorney's fees, or some combination thereof. The Plaintiff did not present any evidence in support of an award of actual damages, nor did he argue a basis on which actual damages might be based. Accordingly, no actual damages will be awarded.

The Plaintiff also asked for statutory damages in his complaint. The maximum statutory damages of $1,000.00 is per action, or complaint, not per violation. See Wright v. Finance

Service of Norwalk, Inc., 22 F.3d 647, 650 (6th Cir.1994). The nature of the violation is a factor to consider in assessing statutory damages. Id. The number of violations is a factor in considering the amount of statutory damages. See Miele v. Sid Bailey, Inc., 192 B.R. 611 (S.D.N.Y. 1996). In this case, the Defendant committed two separate violations. It appears that she did not intend to violate the law. Statutory damages will be awarded in the amount of $500.00.

The Plaintiff also sought attorney's fees in his complaint. At the hearing on this matter, the Plaintiff asked for attorney's fees in the amount of $235.00. That amount is reasonable and will be awarded.

An appropriate judgment shall issue.

Upon entry of this memorandum the Clerk shall forward copies of this order to Marshall M. Slayton, Esq., Larry L. Miller, Esq., and Betty C. Wheelock, Registered Agent of the Defendant.

Entered on this  9th  day of April, 2010.

_____
William E. Anderson
United States Bankruptcy Judge